**Melinda JONES**

v.

**CSC CREDIT SERVICES, INC.**

**Civil Action No. 07–CV–1415.**

United States District Court,
W.D. Louisiana.
Monroe Division.

July 7, 2008.

David Szwak, Bodenheimer, Jones & Szwak, Shreveport, LA, for the Plaintiff.

Van H. Beckwith, James Bristow, and Chad Pinson, Baker & Botts, Dallas, TX, for CSC Credit Services Inc.

Robert Joseph Bozeman, Theus Grisham et al., Monroe, LA, for Professional Collection Co.

Michael D. Douglas, King & Spalding, Atlanta, GA, for Equifax Information Services LLC.

Kyle Achee Ferachi and Michael Ferachi, McGlinchey Stafford, Baton Rouge, LA, for Washington Mutual Inc. and Mercedes–Benz Credit Corp. and Daimler-Chrysler Financial Services Americas LLC, and Washington Mutual Bank.

Dominic Joseph Gianna, Barry H. Grodsky, and Laura E. F. Thompson, Middleberg Riddle & Gianna, New Orleans, LA, for Carson Pirie Scott II Inc., Dillard Credit Corp., GEMB/Brands Mart, GEMB/Home Depot Inc., GEMB/J. C. Penney, GEMB/Old Navy, General Elec-

tric Capital Corp., and Dillard Department Stores Inc.

Thomas M. Hayes, III, Hayes Harkey et al., Monroe, LA, for CSC Credit Services Inc.

Brady D. King, II, William T. McNew, McNew King et al., Monroe, LA, for Capital One Bank.

Heather S. Lonian, Stone Pigman et al., New Orleans, LA, for Equifax Information Services LLC.

Philip Ritchey Sims, Earl F. Sundmaker, III, and James C. Young, Chaffe McCall et al., New Orleans, LA, for Americredit Financial Services Inc.

Melissa L. Theriot, Laborde & Neuner, Lafayette, LA, for Discover Financial Services Inc.

Stephen R. Wilson, Keogh Cox & Wilson, Baton Rouge, LA, for Collection Associates Inc.

## MEMORANDUM ORDER

MARK L. HORNSBY, United States Magistrate Judge.

Before the court is Plaintiff's Motion to Compel and for Entry of a Protective Order (Doc. 75). The motion is granted in part and denied in part as follows:

Plaintiff alleges that some of the Defendants in this case reported Metro Tape [credit reporting data] to consumer credit reporting agencies about third persons whose personal identifiers may be similar to Plaintiff's identifiers, and those sets of data merged and created a mixed file problem concerning Plaintiff. Plaintiff states that she needs to learn the identities of the persons whose credit data has been reported as part of consumer reports and disclosures which pertain to Plaintiff. According to Plaintiff, she needs to tie together the Metro Tape sequences with regard to the erroneously reported accounts

[as to Plaintiff] and learn the personal identifiers reported with respect to each of these respective trade lines. Plaintiff claims that the complete Metro Tape sequences, including header record (identifiers), must be produced in discovery along with a list of the dates such reportings were made and to whom.

Several Defendants (sometimes referred to simply as the "Bank–Defendants") have opposed production of the third-party information, arguing that Plaintiff must first comply with the provisions of La. R.S. 6:333. That statute prohibits a bank or its affiliates from disclosing customer financial records unless certain requirements are met. Those requirements include personal service on the third-party customer and an affidavit from the party requesting disclosure that the customer has been served with the disclosure demand. Bank–Defendants argue that Plaintiff has not met those requirements. Bank–Defendants also explain that they have an affirmative obligation to respect the privacy of their customers and to protect the security and confidentiality of their customers' non-public financial information.

This dispute was discussed with the parties during two status conferences, but no resolution could be reached. Accordingly, Plaintiff was directed to file a motion regarding the issue.

The key issue in dispute with regard to Plaintiff's motion is the applicability of one of the exceptions contained in La. R.S. 6:333. That exception (located in Subsection F) provides as follows:

The following disclosures by a bank or any affiliate are hereby specifically authorized and, except as otherwise provided in this Subsection, nothing in this Section shall prohibit, restrict, or otherwise apply to: . . .

(7) The disclosure by a bank or any affiliate of general credit information relating to the existence of accounts, promptness of payments, limits of credit, or other general information normally furnished to a credit reporting or rating agency or to another financial institution, including but not limited to another bank or savings and loan association, or to any other person who has made a request for the information and who has a legitimate business need for it in connection with a transaction or proposed transaction between the customer and such person. Unless the request is prompted by the customer, notice of the written request shall be given to the customer.

Plaintiff argues that the information requested from Bank–Defendants qualifies as "general credit information" and, therefore, the provisions of La. R.S. 6:333 do not apply. Plaintiff cites a decision from the Eastern District of Louisiana which appears to support Plaintiff's position. The undersigned, however, respectfully disagrees. A careful reading of Subsection F(7) shows that the legislature did not intend for that provision to enable banks to be able to freely divulge "general credit information" to anyone and for any reason. Subsection (7) expressly allows the disclosure to credit reporting agencies, other financial institutions and to "any other person who has made a request for the information *and* who has a legitimate business need for it in connection with a transaction or proposed transaction between the customer and such person." [emphasis added].

Plaintiff seeks the identity and other credit information on these third parties in connection with her claims in this litigation. Plaintiff is not seeking the information in connection with a "legitimate business need" or in "connection with a transaction or proposed transaction" with the third party. The undersigned believes that this portion of Subsection F(7) was intended to apply in situations such as where a prospective landlord is investigating the creditworthiness of a prospective tenant. To adopt the interpretation proposed by Plaintiff would require the court to disregard the words used by and intent of the legislature.

It is undisputed that Plaintiff has not complied with La. R.S. 6:333. For that reason, the court will not compel Bank–Defendants to produce the third-party credit information at this time. However, the information sought by Plaintiff is relevant to Plaintiff's claims in this lawsuit. For Plaintiff to comply with La. R.S. 6:333, Bank–Defendants must first provide to Plaintiff the names and contact information on the third-party customers in question. Bank–Defendants are ordered to produce that identifying and contact information to Plaintiff by July 21, 2008, unless otherwise agreed by the parties. Thereafter, if Plaintiff wishes to obtain additional credit information from Bank–Defendants concerning the third parties, Plaintiff is directed to comply with La. R.S. 6:333.

Except as specifically provided above, Plaintiff's motion is denied. The parties may re-submit a request for a joint protective order in accordance with the foregoing.